IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA **01-3998**

MIAMI DIVISION

CASE NO.: **CIV - GOLD**



MAGISTRATE JUDGE
SIMONTON

RAUL ALBERTO CAÑIZALEZ BRICEÑO,
Individually and as Personal Representative
of the Estates of ANTONIO JOSE CAÑIZALEZ
and TERESA MARÍA BRICEÑO CAÑIZALEZ,
Decedents,

        Plaintiff,

vs.

BRIDGESTONE/FIRESTONE, INC., an
Ohio corporation, and FORD MOTOR
COMPANY, a Delaware corporation,

        Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, RAUL ALBERTO CAÑIZALEZ BRICEÑO, as Personal Representative of the

Estates of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ,

Decedents, individually, by and through undersigned counsel, brings this action against the

Defendants, BRIDGESTONE/FIRESTONE, INC., an Ohio corporation, and FORD MOTOR

COMPANY, a Delaware corporation, for damages, and alleges as follows:

### ALLEGATIONS AS TO ALL COUNTS AND CLAIMS

1.     This action for damages is founded on diversity of citizenship jurisdiction, 28

U.S.C. §1331, 1391 (c). The amount in controversy exceeds $75,000.00, exclusive of interest,

costs, and attorney's fees.

**Colson Hicks Eidson**
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008   Telephone: (305) 476-7400  Fax: (305) 476-7444

2.     Plaintiff, RAUL ALBERTO CAÑIZALEZ BRICEÑO at all times material, is or will be the duly appointed Personal Representative of the Estates of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ, decedents, and brings this action on behalf of himself, the estates, and all beneficiaries and survivors, including but not limited to:

a.   RAUL ALBERTO CAÑIZALEZ BRICEÑO

b.   FIDEL RAMON CAÑIZALEZ BRICEÑO

c.   MARIENELA CAÑIZALEZ BRICEÑO

d.   MARIO ANTONIO CAÑIZALEZ BRICEÑO

e.   MARIA VIRGINIA CAÑIZALEZ BRICEÑO

f.   LUIS ALBERTO CAÑIZALEZ BRICEÑO

3.     At all times material, the Plaintiff, RAUL ALBERTO CAÑIZALEZ BRICEÑO, as Personal Representative of the Estates of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ, decedents, and individually, was and is a citizen and resident of Venezuela.

4.     At all times material, the Defendant, BRIDGESTONE/FIRESTONE, INC., ("FIRESTONE"), was and is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in Nashville, Tennessee.  FIRESTONE was and is authorized to conduct business in the State of Florida and was and is conducting business in offices in the State of Florida, by and through business agents resident in the State of Florida.

5.     At all times material, the Defendant, FORD MOTOR COMPANY, ("FORD") was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Dearborn, Michigan.  FORD was and is authorized to conduct business in

2

CASE NO.:

the State of Florida and was and is conducting business in offices in the State of Florida, by and through business agents resident in the State of Florida.

6.      CT Corporation System, 1200 Pine Island Road, Plantation, Florida 33324, is the registered agent of FIRESTONE, and is authorized to accept service of process pursuant to Fla.Stat. §48.091.

7.      CT Corporation System, 1200 Pine Island Road, Plantation, Florida 33324, is the registered agent of FORD, and is authorized to accept service of process pursuant to Fla.Stat. §48.091.

8.      At all times material, the Defendant, FIRESTONE, was and is a designer, manufacturer and vendor of tires, including, but not limited to, that Firestone Wilderness AT radial tire ("subject tire"). The subject tire was designed by FIRESTONE in the United States, in accordance with specifications developed and agreed to in the United States by both FORD and FIRESTONE, and the raw materials utilized in the assembly of the subject tire otherwise originated in the United States.

9.      At all times material, the Defendant, FORD, was and is a manufacturer and vendor of that 1998 Ford Explorer vehicle ("subject vehicle"). The subject vehicle was designed by FORD in the United States, and all subcomponent parts were selected and specified by FORD in the United States, including but not limited to the selection of Firestone Wilderness AT steel belted tires as standard equipment. The materials utilized in the assembly of the subject vehicle principally originated in the United States.

10.     On November 30, 1999, RAUL ALBERTO CAÑIZALEZ BRICEÑO was the driver of the subject vehicle equipped with the subject tire and ANTONIO JOSÉ CAÑIZALEZ

3

and TERESA MARÍA BRICEÑO CAÑIZALEZ, were passengers in the subject vehicle equipped with the subject tire.

11.     As the subject vehicle traveled along via Valencia, Carabobo Highway area La Honda, in Venezuela, the subject tire suffered a defect and the tread separated from the subject tire. This defective condition, combined with the designed instability of the Ford Explorer, caused the subject vehicle to suddenly and unexpectedly go out of control, roll over several times, killing the Plaintiff's decedents and severely injuring the Plaintiff.

## COUNT I

### NEGLIGENCE CLAIM AGAINST BRIDGESTONE/FIRESTONE, INC.

12.     The Defendant, FIRESTONE, was engaged in the business of designing, manufacturing, assembling, and selling FIRESTONE Wilderness AT radial tires and these Defendants designed, manufactured, assembled, distributed, tested and sold the FIRESTONE Wilderness AT radial tire ("subject tire") involved in this action.

13.     In 1995 or 1996, FIRESTONE in the United States agreed to sell the subject tire to FORD for installation on the 1998 Ford Explorer.

14.     The Defendant, FIRESTONE, knew, or in the exercise of reasonable care, should have known that said FIRESTONE Wilderness AT radial tire was not properly designed, manufactured, assembled, tested, and inspected and knew, or in the exercise of reasonable care should have known, that said FIRESTONE Wilderness AT radial tire created an unreasonable risk of harm to persons driving and/or occupying a motor vehicle which contained the subject tire, like the Plaintiff's decedent.

15.     The Defendant, FIRESTONE, at its headquarters in the United States, learned and/or knew prior to November 30, 1999, and as early as 1998, that the subject tire and the

4

**Colson Hicks Eidson**

255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008   Telephone: (305) 476-7400  Fax: (305) 476-7444

vehicle(s) on which it was mounted were unsafe in normal operation due to an unreasonable risk of sudden and unexpected and catastrophic tread separation, posing serious threat to the life and safety of the vehicle's driver and passengers. FIRESTONE was sharing this information with its parent company BRIDGESTONE, INC.

16.     The Defendant, FIRESTONE, owed a duty to the Plaintiff's decedent and the consuming public to design and manufacture tires, including the subject tire, in such a manner that they would be safe and not pose an unreasonable risk of harm to the life and safety of the Plaintiff's decedent and the consuming public when utilized in normal operation.

17.     The Defendant, FIRESTONE, owed a duty to convey to consumers and users a fair and adequate warning of the dangerous characteristics of the subject tire so that the users, in the exercise of reasonable care, would have a fair and adequate notice of the possible consequences of using the subject tire and/or driving the subject vehicle.

18.     Notwithstanding these duties, Defendant, FIRESTONE, from its headquarters located in the United States, with approval from the parent company BRIDGESTONE, INC. made a conscious decision not to redesign or properly manufacture the subject tire or to convey its knowledge of possible defects in these tires to the consuming public.

19.     The Defendant, FIRESTONE, negligently designed, manufactured, assembled, tested, inspected, and sold the subject tire in some, and/or all of, but not limited to, the following respects:

    a.      Negligently failed to design the subject tire in the United States in conformity with the prevailing industry standards and specifications;

    b.      Negligently failed to use safe and proper component and material parts from the United States for the subject tire;

**Colson Hicks Eidson**

255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008   Telephone: (305) 476-7400  Fax: (305) 476-7444

CASE NO.:

c.     Negligently failed to manufacture, assemble, test and inspect the subject tire in conformity with U.S. industry standards and specifications;

d.     Negligently failed to warn ultimate consumers of the unreasonable risk of tread separation both before and after placing the subject tire on the sales market, despite the fact that reports were being received at FIRESTONE'S U.S. headquarters from all over the world of a problem with its tires, including the subject tire;

e.     Despite reports of the existence of a problem pouring into FIRESTONE'S U.S. headquarters, negligently failed to warn the Plaintiff's decedent of the potential for catastrophic and sudden tread separation by the subject tire both before and after placing the subject tire on the sales market;

f.     Despite reports of the existence of a problem pouring into FIRESTONE'S U.S. headquarters, negligently failed to warn the Plaintiff's decedent of the safety risks inherent in the use of the subject tire and subject vehicle both before and after placing the subject tire on the sales market; and

g.     Despite reports of the existence of a problem pouring into FIRESTONE'S U.S. headquarters, negligently failed to provide adequate instructions for the safe and proper use of the subject tire and subject vehicle.

20.     As a direct and proximate result of the above-described negligence of FIRESTONE the above-described accident occurred which resulted in the deaths of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ.

21.     As a further direct and proximate result of Defendant FIRESTONE'S acts and the wrongful deaths of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO

6

**Colson Hicks Eidson**

255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008   Telephone: (305) 476-7400   Fax: (305) 476-7444

CAÑIZALEZ, their estates have incurred funeral expenses and burial expenses, loss of net accumulations, and Plaintiff RAUL ALBERTO CAÑIZALEZ BRICEÑO, decedents' son, and other surviving children, have suffered and will continue to suffer loss of support and services and past and future mental grief and suffering.

22.     As a further direct and proximate result of the above-described negligence of FIRESTONE, Plaintiff RAUL ALBERTO CAÑIZALEZ BRICEÑO has suffered serious bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expenses of hospitalization, medical care, nursing care and treatment, loss of earnings in the past and loss of the ability to earn money in the future.

**WHEREFORE**, the Plaintiff sues the Defendant, FIRESTONE, for damages, together with costs and interest, and demands trial by jury.

## COUNT II

## NEGLIGENCE CLAIM AGAINST FORD MOTOR COMPANY

23.     The Defendant, FORD, was engaged in the business of designing, manufacturing, assembling, and selling Ford Explorers (including the subject vehicle) and its component parts, including tires, such as the subject tire, which this Defendant knew would be purchased and used by the general public.

24.     Defendant, FORD, designed the Ford Explorer vehicle in the United States. Moreover, Defendant, FORD, manufactured, assembled, distributed, and sold the subject 1998 Ford Explorer vehicle ("subject vehicle") involved in this action.

25.     FORD and FIRESTONE collaborated on the design for and developed the specifications of the standard equipment tires on the Ford Explorer, including the subject tire, in the United States.

7

CASE NO.:

26.    In either 1995 or 1996, the Defendant, FORD, arranged to purchase the subject FIRESTONE Wilderness AT radial tire from the Defendant, FIRESTONE, in the United States and installed and/or assembled the subject tire on the subject vehicle.

27.    The Defendant, FORD, at all times material, similarly arranged from the United States to purchase millions of similar manufactured Firestone Wilderness AT radial tires to install as standard equipment on their Ford Explorer brand sports utility vehicles.

28.    The Defendant, FORD, knew, or in the exercise of reasonable care, should have known that said Ford Explorer was not properly designed, manufactured, assembled, tested, inspected, and sold, and knew, or in the exercise of reasonable care should have known, that said 1998 Ford Explorer and its tires, created an unreasonable risk of harm to persons driving and/or occupying a motor vehicle, like the Plaintiff's decedent herein.

29.    The Defendant, FORD, and its headquarters in the United States, learned and/or knew prior to November 30, 1999, and as early as 1998, that the subject vehicle was unsafe in normal operation due to an unreasonable risk of sudden and unexpected and catastrophic tread separation and consequent rollover, posing serious threat to the life and safety of the vehicle's driver and passengers.

30.    The Defendant, FORD, owed a duty to the Plaintiff's decedent and the consuming public to design its Ford Explorer, including the subject vehicle, in such a manner that they would be safe and not pose an unreasonable risk of harm to the life and safety of the Plaintiff's decedent and the consuming public when utilized in normal operation.

31.    The Defendant, FORD, owed a duty to convey to consumers and users a fair and adequate warning of the dangerous characteristics of the subject tire so that the users, in the

**Colson Hicks Eidson**
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008   Telephone: (305) 476-7400  Fax: (305) 476-7444

exercise of reasonable care, would have a fair and adequate notice of the possible consequences of using the subject vehicle and/or being passengers in the subject vehicle.

32.     The Defendant, FORD, negligently designed, manufactured, assembled, tested, inspected, and sold, said subject 1998 Ford Explorer and its component tires in some and/or all of, but not limited to, the following respects:

a. Negligently failed to design the subject vehicle in the United States in conformity with the prevailing industry standards and specifications;

b. Negligently failed to use safe and proper component and material parts for the subject vehicle in the United States;

c. Negligently failed to manufacture, assemble, test and inspect the subject vehicle in conformity with U.S. industry standards and specification;

d. Negligently failed to warn ultimate consumers of the unreasonable risk of tread separation and consequent vehicle rollover both before and after placing the subject vehicle on the sales market, despite the fact that reports were being received at FORD'S U.S. headquarters from all over the world about this problem;

e. Despite reports of the existence of a problem pouring into FORD'S U.S. headquarters, negligently failed to warn the Plaintiff's decedent of the potential for catastrophic and sudden tread separation and consequent vehicle rollover both before and after placing the subject vehicle on the sales market;

f. Despite reports of the existence of a problem pouring into FORD'S U.S. headquarters, negligently failed to warn the Plaintiff's decedent of the safety risks inherent in the use of the subject tire and subject vehicle both before and after placing the subject vehicle on the sales market; and

**Colson Hicks Eidson**

255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008   Telephone: (305) 476-7400  Fax: (305) 476-7444

CASE NO.:

g. Despite reports of the existence of a problem pouring into FORD'S U.S. headquarters, negligently failed to provide adequate instructions for the safe and proper use of the subject tire and subject vehicle both before and after placing the subject vehicle on the sales market.

33.     As a direct and proximate result of the above-described negligence of FORD, the above-described accident occurred which resulted in the deaths of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ.

34.     As a further direct and proximate result of Defendant FORD'S acts and the wrongful deaths of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ, their estates have incurred funeral expenses and burial expenses, loss of net accumulations, and Plaintiff, RAUL ALBERTO CAÑIZALEZ BRICEÑO decedents' son, and other surviving children, have suffered and will continue to suffer loss of support and services and past and future mental grief and suffering.

35.     As a further direct and proximate result of the above-described negligence of FORD, Plaintiff RAUL ALBERTO CAÑIZALEZ BRICEÑO has suffered serious bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expenses of hospitalization, medical care, nursing care and treatment, loss of earnings in the past and loss of the ability to earn money in the future.

**WHEREFORE**, the Plaintiff sues the Defendant, FORD, for damages, together with costs and interest, and demands trial by jury.

10

CASE NO.:

## COUNT III

## STRICT LIABILITY CLAIM AGAINST
## BRIDGESTONE/FIRESTONE, INC.

36.     The Defendant, FIRESTONE, was engaged in the business of designing, manufacturing, assembling, distributing, testing, inspecting, and selling Firestone Wilderness AT radial tires which said Defendant knew would be purchased and mounted and/or installed on Ford Explorers and used by the general public.   The Defendant, FIRESTONE, designed, manufactured, assembled, tested, inspected, distributed, and sold the Firestone Wilderness AT radial tire, the subject tire involved in this action.  The vast majority of Defendant's conduct giving rise to liability occurred in the United States.

37.     On November 30, 1999, the afore-described 1998 Ford Explorer motor vehicle and its component parts, including its tires was being used for the purposes for which it was intended and in a manner reasonably foreseeable by FIRESTONE.

38.     The Defendant, FIRESTONE, designed, manufactured, assembled, inspected, tested, distributed, and sold the subject tire in a manner so as to render the subject tire defective and unsafe for its intended use.

39.     The subject tire was defective when it left the possession of the Defendant, FIRESTONE, and was expected to and did reach Plaintiff's decedent without substantial change in its condition.

40.     The Defendant, FIRESTONE'S, design, manufacturing, assembling, testing, inspection, distribution, and sale of the subject tire caused the defect and unsafe condition as afore-described and alleged, which was the proximate cause of the accident afore-described and

**Colson Hicks Eidson**
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008   Telephone: (305) 476-7400  Fax: (305) 476-7444

alleged and as a result, the Defendant, FIRESTONE, is strictly liable in tort to the Plaintiff. As a direct, proximate and foreseeable result of the afore-described tire tread separation for which this Defendant is strictly liable in tort, the Plaintiff's decedent was killed.

41.   As a direct and proximate result of the above-described defective condition caused by FIRESTONE, the above-described accident occurred which resulted in the deaths of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALES.

42.   As a further direct and proximate result of Defendant FIRESTONE'S acts and the wrongful deaths of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALES, their estates have incurred funeral expenses and burial expenses, loss of net accumulations, and Plaintiff RAUL ALBERTO CAÑIZALEZ BRICEÑO decedents' son, and other surviving children, have suffered and will continue to suffer the loss of support and services and past and future mental grief and suffering.

43.   As a further direct and proximate result of the above-described defective condition caused by FIRESTONE, Plaintiff RAUL ALBERTO CAÑIZALEZ BRICEÑO has suffered serious bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expenses of hospitalization, medical care, nursing care and treatment, loss of earnings in the past and loss of the ability to earn money in the future.

**WHEREFORE**, the Plaintiff sues the Defendant, FIRESTONE, for damages, together with costs and interest, and demand trial by jury.

**Colson Hicks Eidson**
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008   Telephone: (305) 476-7400  Fax: (305) 476-7444

## COUNT IV

## STRICT LIABILITY CLAIM AGAINST
## BRIDGESTONE/FIRESTONE, INC. FOR FAILURE TO WARN

44.    Defendant FIRESTONE, at all times material, manufactured, assembled, tested, inspected and distributed the subject tire, while knowing that such tire would be used by the public at large for transportation of human lives, without warning users of the inherent risks associated with using the subject tire in normal operation.

45.    On November 30, 1999, the afore-described 1998 Ford Explorer motor vehicle and its component parts including its tires was being used for the purposes for which it was intended and in a manner reasonably foreseeable by FIRESTONE.

46.    The Defendant, FIRESTONE, at its headquarters in the United States, learned and/or knew prior to November 30, 1999, and as early as 1998, that the subject tire and the subject vehicle on which they were mounted were subject to sudden and unexpected and catastrophic tread separation and consequent vehicle rollover posing serious threats to the life and safety of the vehicle's operator and passengers.  The existence of the problem was reported to FIRESTONE'S U.S. headquarters from all over the world.

47.    Despite this information, FIRESTONE'S U.S. headquarters decided to, and did, withhold this information from its employees in Venezuela and more importantly from the public at large.

48.    The Defendant, FIRESTONE, by failing to warn of the inherent risks associated with using the subject tire on the subject vehicle in normal operation, rendered the subject tire and the subject vehicle unreasonably dangerous.

49.    At all times material, the inherent risks of using the subject tire on the subject vehicle were unknown to the Plaintiff's decedent.

13

CASE NO.:

50.    As a direct and proximate result of the above-described failure to warn by FIRESTONE, the above-described accident occurred which resulted in the deaths of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ.

51.    As a further direct and proximate result of Defendant FIRESTONE'S acts and the wrongful deaths of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ, their estates have incurred funeral expenses and burial expenses, loss of net accumulations, and Plaintiff RAUL ALBERTO CAÑIZALEZ BRICEÑO, decedents' son, and other surviving children, have suffered and will continue to suffer the loss of support and services and past and future mental grief and suffering.

52.    As a further direct and proximate result of the above-described failure to warn of FIRESTONE, Plaintiff RAUL ALBERTO CAÑIZALEZ BRICEÑO has suffered serious bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expenses of hospitalization, medical care, nursing care and treatment, loss of earnings in the past and loss of the ability to earn money in the future.

53.    Accordingly, the Defendant, FIRESTONE, is strictly liable in tort to the Plaintiff for this failure to warn.

**WHEREFORE**, the Plaintiff sues the Defendant, FIRESTONE, for damages, together with costs and interest, and demand trial by jury.

## COUNT V

### STRICT LIABILITY CLAIM
### AGAINST FORD MOTOR COMPANY

54.    The Defendant, FORD, was engaged in the business of designing, manufacturing, assembling, distributing, testing, inspecting, and selling FORD Explorer motor vehicles with tires which said Defendant knew would be purchased and used by the general public. The

14

CASE NO.:

Defendant FORD, manufactured, assembled, tested, inspected, distributed, and sold the subject vehicle involved in this action. The vast majority of Defendant's conduct giving rise to liability occurred in the United States.

55.    On November 30, 1999, the afore-described 1998 Ford Explorer motor vehicle and its component parts including its tires was being used for the purposes for which it was intended and in a manner reasonably foreseeable by FORD.

56.    The Defendant, FORD, designed, manufactured, assembled, inspected, tested, distributed, and sold the subject vehicle in a manner so as to render the subject vehicle defective and unsafe for its intended use.

57.    The subject vehicle was defective when it left the possession of the Defendant, FORD, and was expected to and did reach Plaintiff's decedent without substantial change in its condition.

58.    The Defendant, FORD'S, design, manufacturing, assembling, testing, inspection, distribution, and sale of the subject vehicle cause the defect and unsafe condition as afore-described and alleged, which was the proximate cause of the accident afore-described and alleged and as a result, the Defendant, FORD, is strictly liable in tort to the Plaintiff.

59.    As a direct and proximate result of the above-described defective condition caused by FORD, the above-described accident occurred which resulted in the deaths of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ.  As a further direct and proximate result of Defendant FORD'S acts and the wrongful death of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ, their estates have incurred funeral expenses and burial expenses, loss of net accumulations, and Plaintiff RAUL ALBERTO

15

CAÑIZALEZ BRICEÑO, decedents' son, and other surviving children, have suffered and will continue to suffer the loss of support and services and past and future mental grief and suffering.

60.     As a further direct and proximate result of the above-described defective condition caused by FORD, Plaintiff RAUL ALBERTO CAÑIZALEZ BRICEÑO has suffered serious bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expenses of hospitalization, medical care, nursing care and treatment, loss of earnings in the past and loss of the ability to earn money in the future.

**WHEREFORE**, the Plaintiff sues the Defendant, FORD, for damages, together with costs and interest, and demands trial by jury.

## COUNT VI

### STRICT LIABILITY CLAIM AGAINST
### FORD MOTOR COMPANY FOR FAILURE TO WARN

61.     At all times, material, the Defendant, FORD, designed, manufactured, assembled, tested, inspected, and distributed the subject vehicle while knowing that such vehicle would be used by the general public for transportation of human lives, without warning users of the inherent risks associated with using the subject vehicle in normal operation.

62.     The Defendant, FORD, at its headquarters in the United States, learned and/or knew prior to November 30, 1999, and as early as 1998, that the subject vehicle on which the tires were mounted was subject to sudden and unexpected and catastrophic tread separation and consequent vehicle rollover posing serious threats to the life and safety of the vehicle's operator and passengers. The existence of the problem was reported to FORD'S U.S. headquarters from all over the world.

16

63.   The Defendant, FORD, by failing to warn of the inherent risks associated with using the subject vehicle in normal operation, rendered the subject vehicle unreasonably dangerous.

64.   At all times material, the inherent risks of using the subject vehicle were unknown to the Plaintiff's decedent.

66.   As a direct and proximate result of the above-described failure to warn by FORD, the above-described accident occurred which resulted in the death of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ.

66.   As a further direct and proximate result of Defendant FORD'S acts and the wrongful deaths of ANTONIO JOSÉ CAÑIZALEZ and TERESA MARÍA BRICEÑO CAÑIZALEZ, their estates have incurred funeral expenses and burial expenses, loss of net accumulations, and Plaintiff RAUL ALBERTO CAÑIZALEZ BRICEÑO, decedents' son, and other surviving children, have suffered and will continue to suffer the loss of support and services and past and future mental grief and suffering.

67.   As a further direct and proximate result of the above-described failure to warn by FORD, Plaintiff RAUL ALBERTO CAÑIZALEZ BRICEÑO has suffered serious bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expenses of hospitalization, medical care, nursing care and treatment, loss of earnings in the past and loss of the ability to earn money in the future.

68.   Accordingly, the Defendant, FORD, is strictly liable in tort to the Plaintiff for this failure to warn.

**WHEREFORE**, the Plaintiff sues the Defendant, FORD, for damages, together with costs and interest, and demand trial by jury.

17

## COUNT VII

### CLAIM AGAINST BRIDGESTONE/FIRESTONE, INC.
### AND FORD MOTOR COMPANY FOR PUNITIVE DAMAGES

69.     The actions and/or conduct of the Defendants, FIRESTONE and FORD, as afore-described and alleged in each Count of this Complaint for Damages were done and/or performed in a reckless and wanton manner, and with a gross indifference to the rights and the health and safety of purchasers and users of the subject tire and the subject vehicle and were done and/or performed with a conscious indifference to the rights and the health and safety of purchasers and users.

70.     Defendants, FIRESTONE and FORD, as early as 1998, knew of the problems with the Firestone Wilderness AT steel belted radial tire and the Ford Explorer vehicles, as these Defendants had received numerous reports and complaints at their respective U.S headquarters of these problems emanating from all over the world.

71.     Notwithstanding this knowledge, Defendants, FIRESTONE and FORD, acting individually and/or conspiring in unison, made conscious decisions not to redesign or properly manufacture the subject tire or to convey its knowledge of possible defects in these tires to the consuming public.

72.     Moreover, these Defendants decided to and did withhold critical safety information not only from the public, but also withheld this information from regulatory authorities and government officials that had requested the information as part of an investigation of the problem, thus further intentionally endangering the public safety.

18

CASE NO.:

**WHEREFORE**, the Plaintiff sues the Defendants, FIRESTONE and FORD, for punitive

and/or exemplary damages, together with costs and interest, and demands trial by jury.

DATED: _September 25, 2001_

Respectfully submitted,

**COLSON HICKS EIDSON**
Attorneys for Plaintiff
255 Aragon Avenue, 2nd Floor
Coral Gables, Florida 33134
Telephone No. (305) 476-7400
Fax No. (305) 476-7444

By: _____
**MIKE EIDSON**
Florida Bar No. 151088
**ROBERT H. FERNANDEZ**
Florida Bar No. 091080

-and-

**SHANNON LAW FIRM, PLLC**
(Co-Counsel for Plaintiffs)
James. Shannon (MSB #6731)
Elise B. Munn (MSB #9654)
Kelley M. Berry (MSB #99116)
Post Office Drawer 869
Hazlehurst, Mississippi 39083
(601) 894-2202 (phone)
(601) 894-5033 (fax)

19

JS 44
(Rev. ..., /6)

# CIVIL COVER SHEET  01-3998

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. PLAINTIFFS | DEFENDANTS | MAGISTRATE JUDGE |
|---|---|---|
| RAUL ALBERTO CANIZALEZ BRICENO, individually and as Personal Representative of the Estates of ANTONIO JOSE CANIZALEZ and TERESA MARIA BRICENO CANIZALEZ, Decedents | BRIDGESTONE/FIRESTONE, INC., an Ohio Corporation, and FORD MOTOR COMPANY, a Delaware Corporation, | SIMONTON |

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Venezuela**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  **Ohio**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGEVIEW 3998/AS6/Ams

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) (305)476-7400
NELSON HICKS EIDSON
5 Aragon Avenue, Second Floor
Coral Gables, Florida  33134-5008

ATTORNEYS (IF KNOWN)
UNKNOWN

(a) CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT) |
|---|---|

III. CITIZENSHIP OF PRINCIPAL PARTIES

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | | Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

| IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY) | | Appeal to District Judge from |
|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Magistrate Judgment |

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | A☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Jurisdiction is based upon diversity of citizenship, 28 U.S.C. Sections 1331, 1391(c). This action is based upon a defective tire manufactured by Firestone and placed on a Ford Explorer.

LENGTH OF TRIAL
via 10 days estimated (for both sides to try entire case)

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ In excess of $75,000 | CHECK YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE Huck Lenard | DOCKET NUMBER 00-3017 00-3180 |
|---|---|---|---|

DATE  September 26, 2001

SIGNATURE OF ATTORNEY OF RECORD

$150.00  850286

09/26/01

JUDGE _____   MAG. JUDGE _____